249 F.2d 734
 W. A. DOBLE, Petitioner,
v.
The UNITED STATES DISTRICT COURT, IN AND FOR the SOUTHERN
DISTRICT OF CALIFORNIA, CENTRAL DIVISION, and The
Honorable Thurmond Clarke, One of Judges
Thereof, Respondents.
 Misc. No. 648.
 United States Court of Appeals Ninth Circuit.
 May 27, 1957.
 
 Joseph L. Alioto, San Francisco, Cal., for petitioner.
 Before LEMMON, EFF and CHAMBERS, Circuit Judges.
 JAMES ALGER FEE, Circuit Judge.
 
 
 1
 An application for leave to file a petition for writ of mandamus or prohibition directed to the United States District Court and a judge thereof has been presented ex part. The application is alleged to have been based upon 28 U.S.C.A. 1651. It is recited that in a pending patent case, numbered 13289-T.C., (neither the title of the case nor the names of the parties thereto being mentioned) an order was entered by the judge directing petitioner to come to Los Angeles to permit his deposition to be taken there. Petitioner is a witness. He is not a party. In the words of the petition, his 'only connection with the defendants in the aforesaid action is that he has been retained as an expert witness.' He states he lives in Atherton, California, and practices his profession as an engineer in Menlo Park, California, which are outside the Southern District of California and more than four hundred miles from Los Angeles.
 
 
 2
 If the service of a subpoena on a witness outside the District and more than one hundred miles from the place of trial is unjustified by any statute and is contrary to the plain language of Rule 45(e)(1), Federal Rules of Civil Procedure, 28 U.S.C.A., and therefore without force and void, as petitioner claims, petitioner is not without recourse. He may disregard it. If proceedings are then brought against him, if he is correct, he might have a punitive order reversed on appeal.
 
 
 3
 Petitioner has no standing to commence this proceeding. He is a stranger to this Court. His petition does not state grounds for relief under any statute giving jurisdiction either to this Court of the District Court. Diversity of citizenship is not alleged. The amount in controversy it not set up. There is no claim of violation of any federal rights. There is no final decision of the District Court.
 
 
 4
 But it is alleged that the court has intimated that the defense will be stricken if this depositon is not given. Petitioner is not concerned with such a contingency, even if it becomes reality. The cases cited by petitioner do not so indicate. See Kemart Corporation v. Printing Arts Research Lab., 9 Cir., 232 F.2d 897; National Bondholders Corporation v. McClintic, 4 Cir., 99 F.2d 595.
 
 
 5
 Even if the matter had been raised by a party, this Court would not be necessarily bound to grant relief before the case is concluded and final judgment entered. The decisions of the Supreme Court of the United States in Los Angeles Brush Manufacturing Corporation v. James, 272 U.S. 701, 47 S.Ct. 286, 71 L.Ed. 481, and La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290, suggest that, where a District Judge orders an unnecessary reference to a Master in a long case which can be tried to the judge, mandamus might be issued under special circumstances to compel the performance of a clear duty. But these decisions are clearly limited. The appellate courts will not supervise the daily incidents of an action in court or a trial by mandamus or prohibition. Such action would be an abuse of the power given in the all writs statute. In practical effect, multiple appeals could then be taken in the course of a single proceeding. The burden on the appellate dockets would be increased and the course of litigation intolerably lengthened. These are additional reasons for denying relief to the petitioner, if that were necessary.
 
 
 6
 But we hold that petitioner had no standing to apply for this original writ and stated no claim of which this Court could take jurisdiction.
 
 
 7
 Application to file petition for writ of mandamus or prohibition denied and papers stricken from the files.