Edward BELFER, Samuel P. Norton, William F. Raff and Leonard I. Turner, Petitioners,

v.

Martin PENCE, United States District Judge, Respondent.

No. 26391.

United States Court of Appeals, Ninth Circuit.

Nov. 25, 1970.

**122**

William F. Raff (argued), of Norton & Norton, Los Angeles, Cal., for petitioners.

H. William Burgess (argued), Honolulu, Hawaii, for real party in interest.

Tobias C. Tolzmann, Honolulu, Hawaii, for other parties in interest.

Before MERRILL, KOELSCH and CARTER, Circuit Judges.

**PER CURIAM:**

Petitioners are officers, directors or alleged managing agents of a corporation against which suit has been brought in the District Court for the District of Hawaii. Their depositions were taken in the Central District of California. Dissatisfied with their responses, the District Court for the District of Hawaii entered an order that defendant corporation and petitioners, individually, disclose certain information in writing. Petitioners seek from this court a writ of mandamus or prohibition, in effect vacating the order of the District Court in so far as it applies to them.

Relying on Rule 37(a) (1), Fed.R. Civ.P.,[1] petitioners contend that the District Court for the District of Hawaii has no authority to order them to give testimony. They urge that they are witnesses, not parties, for purposes of discovery under the Federal Rules of Civil Procedure, since the information sought from them does not relate to their official corporate duties. See Mulligan v. Eastern S. S. Lines, 6 F.R.D. 601 (S.D. N.Y.1946). They concede that the Hawaii court does have authority to order their corporation, as party defendant, to provide the information sought from them, see 4 Moore's Federal Practice par. 33.26, at 33–143 (1970 ed.), and to order sanctions against the defendant corporation for its failure to comply. But under the order as it stands they anticipate that the Hawaii court will order sanctions against them personally should they fail to comply. Petitioners recognize that an appeal would lie from the imposition of such sanctions but contend that they should not be required to suffer contempt before securing a determination by this court of the District Court's jurisdiction over them.

In this case we are not inclined to anticipate action by the District Court which may never be forthcoming. In order to eliminate delays incident to fragmentary appeals, this court has ever been reluctant to resort to the extraordi-

---

1. *(Page 1) "Appropriate Court.* An application for an order to a party may be made to the court in which the action is pending, or, on matters relating to a deposition, to the court in the district where the deposition is being taken. An application for an order to a deponent who is not a party shall be made to the court in the district where the deposition is being taken."

nary writs as means for interlocutory review of discovery orders unless such orders disclose a prejudicial usurpation of authority not correctable on appeal. *See, e. g.,* Cmax, Inc. v. Hall, 290 F.2d 736, 739 (9th Cir. 1961); Doble v. United States District Court, 249 F.2d 734 (9th Cir. 1957); Fred Benioff Co. v. McCulloch, 133 F.2d 900 (9th Cir. 1943). *See generally,* 4 Moore's Federal Practice, par. 26.83 (9.–3) (1970 ed.). Here there is no evil which cannot be corrected on a later appeal. The rights of the petitioners are protected sufficiently by their ability to disobey and test the Hawaii court's discovery order on appeal from a subsequent citation for contempt. *See* Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906); Doble v. United States District Court, supra, at 735.

Writ denied.