459 F.2d 959
 MOHASCO INDUSTRIES, INC., a New York corporation, Petitioner,
v.
The Honorable Lawrence T. LYDICK, United States District
Judge, Central District of California, Respondent, and
Murray B. Marsh Company, Inc., a Washington corporation,
Respondent and Real Party in Interest.
 No. 71-2825.
 United States Court of Appeals,
Ninth Circuit.
 May 1, 1972.
 
 Samuel O. Pruitt, Jr. (argued), Gary D. Stabile, Keith K. Hilbig, John J. Hanson, Charles C. Ivie, of Gibson, Dunn & Crutcher, Los Angeles, Cal., for petitioner.
 Lawrence T. Lydick, pro se.
 Jesse R. O'Malley (argued), James L. Seal, of Musick, Peeler & Garrett, Los Angeles, Cal., for real party in interest.
 Before ELY, TRASK, and GOODWIN, Circuit Judges.
 ALFRED T. GOODWIN, Circuit Judge:
 
 
 1
 This is an original proceeding in the nature of mandamus, calendared for argument by a panel of this court after it had disallowed an attempted appeal from an order vacating an attachment.
 
 
 2
 Mohasco, a New York corporation, brought a diversity action in the United States District Court for the Central District of California seeking money alleged to be due for merchandise sold by Mohasco to Murray B. Marsh Co., a Washington corporation doing business in California. Mohasco attached Marsh property under Section 537 of the California Code of Civil Procedure, pursuant to Fed.R.Civ.P. 64, which conforms federal practice to local attachment statutes in such cases.
 
 
 3
 The district court vacated the attachment in the belief that a recent decision of the California Supreme Court had declared unconstitutional the state attachment statute. See Randone v. Appellate Department, 5 Cal.3d 536, 96 Cal.Rptr. 709, 488 P.2d 13 (1971). The Randone decision struck down Subdivision (1) of Section 537, but was silent on Subdivision (2).
 
 
 4
 Entertaining a conviction that Subdivision (2), under which the attachment could have been authorized, was constitutional, Mohasco attempted to appeal to this court. The appeal was barred by 28 U.S.C. Sec. 1291 because the order was not a final order. But the motion panel elected to treat the abortive appeal as an application for a writ of mandamus. Mandamus is available in extraordinary cases. La Buy v. Howes Leather Co., 352 U.S. 249, 77 S. Ct. 309, 1 L.Ed.2d 290 (1957); Pacific Car and Foundry Company v. Pence, 403 F.2d 949 (9th Cir. 1968). But in this circuit it is used sparingly. Belfer v. Pence, 435 F.2d 121 (1970).
 
 
 5
 This court, now having heard oral argument, and having examined the entire record, is satisfied that the cause should be remanded to the district court for further proceedings at the discretion of the district judge.
 
 
 6
 The motion panel correctly found that the order appealed from was not a final order. The panel did not have before it the district court file, but we now know that the district judge was never asked to certify a question under 28 U.S.C. Sec. 1292(b) for an interlocutory appeal. We do not know what view the district judge might have taken had such an application been made. Before a writ in the nature of mandamus is issued in a case of this kind, we believe the district judge should be given an opportunity to rule under 28 U.S.C. Sec. 1292(b). If the district judge believes that the question is appropriate for an interlocutory appeal, he can certify the question, and this court will then have jurisdiction to decide whether or not to proceed.
 
 
 7
 After the case had been argued in this court, the constitutionality of Subdivision (2) of Section 537 was upheld by a state appellate court. See Property Research Financial Corporation v. Superior Court of State of California, 23 Cal.App.3d 413, 100 Cal.Rptr. 233 (1972). Upon remand, the district judge may choose to reconsider the matter in light of that decision.
 
 
 8
 After the district court on remand makes its decision, either party may request certification to this court. The case will remain in its present place on the calendar, so that final disposition can be accomplished by this panel.
 
 
 9
 Remanded.