640 P.2d 1177

**Robert JONES, Plaintiff-Respondent,**

v.

**E. Lee SCHLENDER,
Defendant-Appellant.**

**No. 13972.**

Supreme Court of Idaho.

Feb. 3, 1982.

E. Lee Schlender, Ketchum, for defendant-appellant.

Robert Jones, pro se.

BAKES, Chief Justice.

This case originated in the Small Claims Division of Magistrate Court resulting in a judgment for plaintiff. Defendant appealed to the district court where, after a trial *de novo*, judgment was also rendered in favor of plaintiff. Defendant appeals that judgment to this Court.

The transcript of the trial before the district court consists of the testimony of the plaintiff Robert Jones, both on direct and cross-examinations. Plaintiff testified:

that he was served with a subpoena issued out of the United States District Court, the subpoena being served by the defendant's secretary; that he advised defendant's secretary that he would not appear unless he was paid his attendance fee and travel allowance in advance; that he was told that he would be paid; that a few days later the defendant's secretary telephoned plaintiff and informed him that if he failed to appear he "could be found in contempt of court, and [he] would be paid after appearing"; that plaintiff reiterated that he would not appear unless he was paid prior to the trial; that plaintiff subsequently consulted informally with an attorney friend who advised him that he ought to appear as provided in the subpoena; and that he did decide to appear, but did not advise the secretary.

The parties have stipulated that plaintiff did in fact appear at the United States District Court in Boise on the day set out in the subpoena. Unknown to plaintiff, however, the case had been settled. It is also agreed that defendant made no attempt to notify plaintiff that the case in federal court had been settled, thereby making his attendance no longer necessary.

Based upon the foregoing facts, the district court concluded that plaintiff was entitled to be compensated by defendant appellant in the amount provided for by the federal statutes and rules.[1] The court entered a judgment in the sum of $110.60, including costs and interest. Neither party questions the correctness of the amount.

Defendant's appeal raises essentially two issues: first, whether the state court had jurisdiction to award judgment for witness fees arising from a federal proceeding, and secondly, that if the state court had jurisdiction to enter such a judgment, only the

client, not the lawyer, is liable for those costs.[2]

There is a paucity of authority on remedies of a person whose fees are not paid by the party subpoenaing him or calling him as a witness. There is no question that the entitlement of those fees is established by federal law, and the trial court so held. 28 U.S.C. § 1821(a)(1) provides as follows:

"Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate, ... shall be paid the fees and allowances provided by this section."

Witnesses who are not paid, or are paid an inadequate amount for their services, have an action for the witness fees to which they are entitled by law. See Hurtado v. United States, 410 U.S. 578, 93 S.Ct. 1157, 35 L.Ed.2d 508 (1973), rehearing denied 411 U.S. 978, 93 S.Ct. 2151, 36 L.Ed.2d 701 (1973); Vincennes Steel Corp. v. Miller, 94 F.2d 347 (5th Cir. 1938).

As a general rule, rights created by federal law are enforceable by the state courts in the absence of federal legislation creating exclusive jurisdiction in the federal courts, or a federal legislative pattern which by necessary implication is so pervasive as to preclude jurisdiction in the state courts. See United States v. Bank of New York & Trust Co., 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331 (1936); Lockridge v. Amalgamated Ass'n of State Elec. Ry. & Motor Coach Employees of America, 84 Idaho 201, 369 P.2d 1006 (1962); McCormick v. Smith, 23 Idaho 487, 130 P. 999 (1913); see generally 1 Moore's Federal Practice § 0.6[3], at p. 240 (2d ed. 1980). We find no such preclusion in this case and conclude that witnesses subpoenaed in federal court proceedings may sue in the courts of the State of Idaho

1. 28 U.S.C. § 1821(b) provides, in part: "A witness shall be paid an attendance fee of $30 per day for each day's attendance." 28 U.S. C. § 1821(c)(2) provides that "a travel allowance equal to the mileage allowance [prescribed by the Administrator of General Services, pursuant to 5 U.S.C. § 5704] ..., shall be paid to each witness who travels by privately owned vehicle." The district court determined that the mileage allowance in force on the date plaintiff respondent appeared in United States District Court was 20 cents per mile.

2. The record discloses that the defendant appellant offered respondent $30 or $40 as a settlement and to alleviate any hard feelings, but respondent rejected the offer.

to recover witness fees to which federal law declares them entitled.

The more difficult question is whether or not plaintiff has a claim in this case against the attorney for the litigant, rather than the litigant himself. Ordinarily, an agent is not personally liable on a contract made for a disclosed principal. *Benner v. Farm Bureau Mutual Ins. Co. of Idaho, Inc.*, 96 Idaho 311, 528 P.2d 193 (1974). We note that the defendant appellant Schlender himself at no time engaged in any of the negotiations or discussions involved in this matter, all such discussions having occurred between plaintiff and defendant's secretary. Nevertheless, defendant acknowledges his responsibility for the conduct of his secretary, and therefore we must examine this transaction to determine whether or not that conduct could impose personal liability upon the defendant even though he was acting for his client.

At the time that defendant's secretary served the subpoena upon the plaintiff, plaintiff demanded the fees in advance, and was told that a check would be forwarded. Two or three days later, plaintiff received a call from defendant's secretary who stated that the fees would be paid at the time of hearing. At that point, the record is clear that defendant's secretary stated to plaintiff that if he did not appear he "could be found in contempt of court . . . ." This is an incorrect statement of the federal law. Unless fees are tendered to the witness at the time the subpoena is served in a civil action, service is improper.[3] *See Saper v. Hague*, 186 F.2d 592 (2d Cir. 1951); *see generally* 5A Moore's Federal Practice § 45.02[2], at p. 45–37 (2d ed. 1980). An improperly served subpoena provides a witness with a valid defense in a contempt proceeding. *See Doble v. United States District Court*, 249 F.2d 734 (9th Cir. 1957); *Application of Johnson & Johnson*, 59 F.R.D. 174 (D.Del.1973). Faced with the advice that he could be held in contempt, and after consulting informally with an attorney who advised him that he should appear in response to the subpoena, plaintiff traveled to Boise to the United States District Court in compliance with the subpoena.

Under these circumstances, we affirm the trial court's conclusion that an obligation arose between appellant and respondent, enforceable in the state courts, requiring the defendant appellant to pay the fees provided by federal law to the respondent. *Accord, Peavey v. Pellandini*, 97 Idaho 655, 551 P.2d 610 (1976); *Hixon v. Allphin*, 76 Idaho 327, 281 P.2d 1042 (1955); *McShane v. Quillin*, 47 Idaho 542, 277 P. 554 (1929).

The judgment of the district court is affirmed. Costs to respondent.

McFADDEN and DONALDSON, JJ., concur.

BISTLINE, Justice, dissenting.

Had the plaintiff, Jones, simply responded to a subpoena properly served upon him, then I would be concurring in the Court's opinion. But that is not the case.

Finding myself unable to concur in either the opinion of the Chief Justice or that of Justice Shepard, I will briefly state my own views, which, I believe, are eminently more fair to both parties and produce the just result which would have ended this litiga-

---

**3.** F.R.C.P. 45(c), 28 U.S.C., governs the manner in which a subpoena issued by a federal court shall be served. In regard to attendance fees, it states: "Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and *by tendering to him the fees for one day's attendance and the mileage allowed by law.*" (Emphasis added.) The federal cases are divided on the effect of failure to respond to a subpoena which is improperly served or served without tender of fees. *Compare Doble v. United States District Court*, 249 F.2d 734 (9th Cir. 1957) (if service of subpoena is without force and void, witness may disregard it), and *Saper v. Hague, supra* (witness may ignore improper service), *with Haney v. Woodward & Lothrop, Inc.*, 330 F.2d 940 (4th Cir. 1964) (witness is not at liberty to ignore power of subpoena) and *Ghandi v. Police Dept. of City of Detroit*, 74 F.R.D. 115 (D.Mich.1977) (having failed to file motion to quash for improper service, witness must honor subpoena).

tion almost as it began—rather than in this august court.

Initially I surmise that the inability of the Court to reach a unanimous opinion on this small claims action stems from the very fact that it is a small claims action (and very small indeed—involving just over $100). Under the prevalent rules in Small Claims Court, the parties are not entitled to the benefit of counsel, that is, unless they happen to be practicing attorneys. Here, although the defendant is an attorney, he was brought into the action, and certainly did not commence it. Plaintiff, however, who is not an attorney, but did as a process-server acquire some knowledge and experience which ordinarily would not be possessed by the average layman, brought the action, and to whatever extent is possible in Small Claims Courts and informal pleadings, framed the issues. Nothing in the record demonstrates in the least that the plaintiff is learned in the law to the extent of comprehending theories of tort recovery as against theories of contract recovery. Obviously the plaintiff felt that he was entitled to have the defendant pay him his expenses for attending federal court in Boise, Idaho, plus a day's witness fees. On what basis the plaintiff so "felt" is a matter of conjecture. He did know that he made a useless trip—all of which would not have happened if the defendant had not served him with a subpoena. Had plaintiff been represented, a plausible theory of recovery might have been called to the direct attention of the lower courts.

The other members of the Court see the action as sounding in contract, and would allow recovery to the plaintiff (in either state or federal court—somewhere and against someone) on the basis of quantum meruit, being uncertain apparently as to whether the contractual remedy is based on an obligation implied in law, or an obligation implied in fact, although the law in that regard was fairly well clarified in *Peavey v. Pellandini*, 97 Idaho 655, 551 P.2d 610 (1976).

Beyond question a subpoena is process, and if properly issued and properly served, and, absent any statutory distance restrictions or professional exemptions, must be obeyed. Under Idaho statutory law a witness who disobeys a subpoena which is properly executed and served is made liable for the payment of $100.00 and the actual damages caused the serving party by the subpoenaed witness's failure to attend. I.C. § 9–708. The party sues the recalcitrant witness in a civil action, and the plaintiff in this action correctly assumed that, conversely, he as an unpaid witness could also seek his recovery against the party.

In order to get this case in perspective, it is first in order to note that the defendant's client here could not have sustained a § 9–708 civil action [1] against the plaintiff—for the simple reason that the subpoena was not properly served, the requisite fees not being tendered.

Beyond question is the fact that the plaintiff did not have to respond to the federal court subpoena because of the failure to tender the requisite fees, and equally apparent in this particular case is the extremely singular fact that the plaintiff was well aware of the fact that he was entitled to fees in advance. And that might have been the end of it. But it wasn't.

Defendant here, an attorney, who commendably accepts responsibility for the statements of his secretary, represented to the plaintiff that he, the plaintiff, as a subpoenaed witness in federal court, would render himself susceptible to contempt processes if he failed to attend as the subpoena directed. The statement was obviously made in order to induce the plaintiff's appearance at federal court. It was a misrepresentation which, even though innocently made, was actionable. Had it accomplished its intended purpose, the plaintiff's theory would have been in tort, not in contract. The plaintiff's final statement, however, was that he would not attend court,

1. Although § 9–708 might not be thought applicable to an action in federal court, the common law seems to have recognized the remedy of a civil action. Federal law may, but I make no attempt to pursue that possibility.

notwithstanding the advice that he would thereby be exposing himself to the court's contempt processes. Had he stood by that decision, that might have been the end of it. But he didn't, and it wasn't.

Plaintiff, obviously influenced to some extent by the admonitions given him, upon reflection sought out and obtained independent legal advice—which was that he had best attend court as the subpoena directed. And so he decided to do so, but did not so advise the defendant's office of his change of heart. Nor did the defendant make any attempt to advise the plaintiff that the action pending in federal court had been settled, and there was no need for the plaintiff to attend on the scheduled day or to continue to fret about going or not going.

Although the defendant argues that the plaintiff's needless trip to Boise was occasioned by the independent legal advice obtained by the plaintiff, and hence would be an intervening cause superseding the bad advice received from defendant's office, that issue, and the issues of negligence on the part of both parties in not advising each other of the change in conditions, i.e., the settlement of the action, and the plaintiff's decision to attend court, have actually never been tried. It is extremely likely that plaintiff acted on both advices, but that cannot be said at this level. Such being the case, it would be in order to reverse and remand for the purpose of resolving that issue of causation, including the failures to notify.

In the interests of justice, however, and with due and circumspect regard for the fact that this Court has often declared itself to not be a trial court, *but see Lamb v. Robinson*, 101 Idaho 703, 620 P.2d 276 (1980), by application of tort theories of liability and damages, and with proper regard for the fact that we do have undisputed evidence, making the final determination almost, if not, a matter of law, I would modify the plaintiff's judgment by reducing it to one-half, and leave each party to pay his own costs on appeal, other than the preparation of the transcript which should be assessed equally.

Finally, I submit that the contention that defendant, an attorney, should escape liability, which in turn ought to be fixed upon the client whom he was representing in federal court, is wholly without merit. The power to take a person away from his work, from his play, his avocations or whatever, is an awesome one. But the process known as subpoena confers just that exact power, and has been part and parcel of the judicial system for as long as there has been a judicial system—which in Idaho predates statehood. That power has been exercised by judicial officers, either judges, clerks of the court, or attorneys. I don't know, and am certainly not going to conduct a survey to find out, but would surmise that if a litigant being represented by an attorney were to approach a clerk of the district court and request the issuance of a subpoena, in most cases, if not all, he would be turned away empty-handed—returned to his attorney. And I would agree. The power is an awesome one, and I would strongly doubt the advisability of turning it loose on the public other than under the controls of attorneys, and, in the case of pro se representations, then under the control of judges or court clerks.

Most practicing attorneys would agree, I feel certain, that it is the trial attorney, not the litigant being represented, who determines the witnesses who will be required, when they will be required, and whether they should be subpoenaed. While I would not be averse to the suggestion that the client might also be held amenable to a claim for fees of unpaid witnesses, or abuse of process, I am not in the least persuaded that the attorney, a judicial officer, becomes freed of liability simply because the questionable action is taken on behalf of a client. Quite the contrary. If defendant's client here had directed the defendant to get the plaintiff to court by any means, fair or foul, including not paying him and threatening him with contempt of court, that would be a different matter, but certainly not this case.

For the interested reader I recommend *Board of Education of Farmingdale Union*

*Free School Dist. v. Farmingdale Classroom Teachers Ass'n, Local 1889, et al.*, 38 N.Y.2d 397, 380 N.Y.S.2d 635, 343 N.E.2d 278 (1975), where properly issued process (subpoenas) were held to have been abusively misused, and the attorney was held liable along with his client for "prima facie tort" —"the intentional infliction of economic harm." 38 N.Y.2d 397, 380 N.Y.S.2d at 644, 343 N.E.2d at 284.

It would seem to follow that an attorney armed with a properly issued subpoena cannot withhold requested fees and yet seek to compel attendance by threats of contempt without becoming exposed to liability for abuse of process.

SHEPARD, Justice, dissenting:

I cannot agree with either the analysis of the majority or the result obtained. I deem there to be no question but that Jones received an order issued under the signature and seal of the U. S. District Court commanding Jones to appear in court at a certain time and place. The Federal statutes prescribe fees to be paid witnesses appearing in federal court. Even assuming that Jones had been in "attendance" at a session of the U. S. District Court, I find no statutory nor case law authority creating a cause of action in such a witness against a party to the action, much less an attorney for a party to the action. I, therefore, suggest that the only logical forum for the resolution of such a dispute is that court which issued the order commanding the witness to appear, whether such court be State or Federal. I see no logical nor practical reason why, when as here, witnesses are subpoenaed, and a case is then settled, that an order of dismissal may not be entered requiring each party to bear its own "costs". Thereafter, if a subpoenaed witness fails to secure payment and the court deems that he was in "attendance," the court may simply order the party who procured the issuance of the subpoena to pay the witness. I would note that the instant case differs from those cases in which expert witnesses were seeking recovery of fees earned by them in their capacity as experts. *See* Anno. 15 ALR 3d 531 (1967).

I find no authority for the maintenance of the present action. In *Hurtado v. U. S.*, 410 U.S. 578, 93 S.Ct. 1157, 35 L.Ed.2d 508 (1973), witnesses filed an action against the United States under the Tucker act to recover witness fees for the time that they were held in custody as material witnesses. That case does not deal with whether the United States was liable because it was the party who sought to have the witnesses testify, or rather because the court system owed the fees. I find no case thereafter which relies on *Hurtado* for the proposition that witnesses have a cause of action against the litigants or anyone else to recover their witness fees. In *Vincennes Steel Corp. v. Miller*, 94 F.2d 347 (5th Cir. 1938), the court only stated: "[t]he issue presented involves the power of *the court* to make the challenged allowances" in awarding witness fees as costs to be paid to the prevailing party. (emphasis supplied). It was only in dictum that the court suggested that those fees are recoverable by the witness from the party at whose instance he attends.

Even assuming that the lower court here had the jurisdiction to entertain the action, I would suggest that the ordinary rule should be applied that an agent is not liable on a contract made for a disclosed principal. Here I deem there to be no question but the attorney was an agent and that the principal was disclosed. Although there would appear to be a split of authority on that question, I perceive those cases applying the above rationale to be those better reasoned. See Anno 15 ALR 3d 531 (1967).