**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN UEHLING, | No. 13-72621 |
| Petitioner, | D.C. No. 1:13-mc-00022-LJO-BAM |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO, | MEMORANDUM[*] |
| Respondent, | |
| MILLENNIUM LABORATORIES, INC., | |
| Real Party in Interest. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted February 11, 2014
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: O'SCANNLAIN and MURGUIA, Circuit Judges, and ADELMAN, District Judge.[**]

Petitioner Ryan Uehling petitions for a writ of mandamus protecting him from responding to five deposition questions, which, he asserts, seek privileged responses.

The district court did not clearly err, as required for mandamus to issue, *see Burlington N. & Santa Fe Ry. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1146 (9th Cir. 2005), in ordering Uehling to respond to the questions. It was not clear error to apply California privilege law in the absence of controlling precedent requiring the application of federal privilege law. *See In re Van Dusen*, 654 F.3d 838, 845 (9th Cir. 2011). Nor was it clear error to find Millennium had made the "prima facie showing" required under California law to invoke the crime-fraud exception. *See BP Alaska Exploration, Inc. v. Super. Ct.,* 199 Cal. App. 3d 1240, 1268 (Cal. Ct. App. 1988)*.*

Mandamus would be inappropriate even if the district court clearly erred because Uehling has adequate alternative means to obtain relief. *See Van Dusen*, 654 F.3d at 841 (citing *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir. 1977)). Because Uehling seeks to protect his own interests, he may appeal a

---

[**] The Honorable Lynn S. Adelman, District Judge for the U.S. District Court for the Eastern District of Wisconsin, sitting by designation.

contempt citation for violation of the district court's order. *See In re Nat'l Mortg. Equity Corp. Mortg. Pool Certif. Litig.*, 821 F.2d 1422, 1424 (9th Cir. 1987) ("[A]n immediate appeal is proper if it is unlikely that the third party will risk a contempt citation simply to create a final order for the person asserting the privilege"); *Belfer v. Pence*, 435 F.2d 121, 123 (9th Cir. 1970) (per curiam).

Moreover, again assuming clear error, mandamus is inappropriate because the district court's order does not raise particularly new, injurious, or oft-repeated legal issues. *See Van Dusen*, 654 F.3d at 841; *see also Mohawk Indus. v. Carpenter*, 558 U.S. 100, 110 (2009); *cf. Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010).

**PETITION DENIED.**