### IN RE: Craig B. ROSEN, Debtor.

### Bankruptcy No. 15–10435–mdc

United States Bankruptcy Court, E.D. Pennsylvania.

Signed December 15, 2015

---

Harry J. Giacometti, Flaster/Greenberg, P.C., Philadelphia, PA, for Debtor.

## ORDER

Magdeline D. Coleman, United States Bankruptcy Judge

**AND NOW,** Terry P. Dershaw, the Chapter 7 Trustee (the "Trustee"), for the Estate of Craig B. Rosen (the "Debtor"), filed a Motion for Contempt, Sanctions and to Compel Production of Documents dated September 2, 2015 [Docket No. 124] (the "Motion").

**AND,** pursuant to the Motion, the Trustee seeks enforcement of a Subpoena to Produce Documents dated June 25, 2015 (the "Subpoena"), and requests this Court, pursuant to its authority under Fed. R. Civ. P. 45(g), to find the Internal Revenue Service (the "IRS") in contempt for its alleged failure to respond.

**AND,** to address the Motion, this Court held a hearing on October 6, 2015 (the "Hearing"), that was attended by attorneys for the Trustee and the IRS.

**AND,** at the Hearing, this Court raised the issue of whether the Trustee had caused the Subpoena to be properly served upon the IRS. Audio recording of Hearing 10/6/2015 @ 11:01 a.m. (11:07:44–11:08:25) Adv. No. 08–02029MDC.

**AND,** in response, the Trustee admitted that he had not caused the Subpoena to be served upon the local United States Attorney (the "USAO") or the United States Attorney General (the "USAG").

**AND,** to explain his failure to serve the USAO and the USAG, the Trustee stated that he had reviewed the IRS's internal regulations and determined that service upon those parties was unnecessary.

**AND,** the Trustee did not address the application of Fed. R. Civ. P. 4(i) to its entitlement to an award of sanctions pursuant to Fed. R. Civ. P. 45(g).

**AND,** in response to the same line of questioning, the IRS also did not address

the application of the Federal Rules of Civil Procedure to the Trustee's request for a finding of contempt.

**AND,** instead, the IRS cited *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951) to argue that its compliance with its internal regulations immunizes the IRS from its obligation to provide a timely response to the Subpoena.

**AND,** to facilitate this Court's consideration of the Trustee's request for a finding of contempt, the parties agreed to submit post-Hearing briefs addressing the application of *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951).

**AND,** upon receipt and consideration of the Response dated October 16, 2015 [Docket No. 145], filed by the IRS and the Letter Brief dated October 19, 2015 [Docket No. 146], filed by the Trustee, it is hereby **ORDERED** and **DETERMINED** that:

1. Despite the parties' focus upon the application of *Touhy* to the Trustee's entitlement to a finding of contempt, this Court has determined that the issue of service, as governed by Fed. R. Bankr. P. 7004, is dispositive.

2. The statutory basis for this Court's authority to enforce the Subpoena with a finding of contempt is Fed. R. Civ. P. 45(g).

3. Pursuant to Fed. R. Civ. P. 45(g), the requirement of proper service is a prerequisite to the entry of an order of contempt. *Duffy v. Kent County Levy Court,* 800 F.Supp.2d 624, 629 (D.Del.2011) ("A majority of courts have held that Rule 45 requires personal service of subpoenas."); *La Barbera, et al. v. PI Trucking Corp.,* Civ. No. 07–3064, 2011 WL 9158331 (E.D.N.Y. Dec. 13, 2011) ("Before imposing sanctions for civil contempt, due process requires that the person receive notice and an opportunity to be heard.").

4. As provided by Fed. R. Civ. P. 45(g), a party may be held in contempt for her failure to respond to a subpoena *only if* that party was properly served with that subpoena. *Yarus v. Walgreen Co.,* Civ. No. 14–1656, 2015 WL 4041955, *2 (E.D.Pa. Jul. 1, 2015) ("Subpoenas that fail to comply with the strict personal service requirement of Rule 45(b)(1) are deficient and cannot be the basis for imposing discovery sanctions.").

5. In relevant part, Fed. R. Civ. P. 45(g) states a court "may hold in contempt a person who, *having been served,* fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g) (emphasis added).

6. The Trustee bears the burden of proving that service of the Subpoena and the Motion was proper. *Myers v. American Dental Ass'n,* 695 F.2d 716, 725 (3d Cir.1982).

7. As provided by Fed. R. Bankr. P. 7004(b)(5), service upon an agency of the United States may be accomplished by mailing a copy of the Subpoena to "the United States attorney for the district in which the action is brought;" "the Attorney General of the United States at Washington, District of Columbia; and "the officer or agency." Fed. R. Bankr. P. 7004(b)(4) & (5); *see also In re Sullivan,* Bky. No. 12–33337, 2013 WL 587323, *2 (Bankr.D.N.J. Feb. 14, 2013) ("No service was made on the Attorney General in Washington, D.C, or the civil process clerk for the United States Attorney for the District of New Jersey. As a result, this court lacked personal jurisdiction over the United States and its agencies, and the Orders are void.").

8. As required by Rule 7004(b)(5), the Trustee was required to serve the Subpoena upon the USAO and the USAG. *In re Sullivan,* Bky. No. 12–33337, 2013 WL 587323, *2 (Bankr.D.N.J. Feb. 14, 2013) (stating that orders entered as a result of orders that were not served upon local USAO and USAG are void); *In re J.B. Winchells, Inc.,* 106 B.R. 384, 394 (Bank. E.D.Pa.1989) (vacating prior order because precipitating motion was not served upon the USAO for this district).

9. Consistent with the Trustee's representations to this Court, this Court concludes that the Trustee did not serve the Subpoena upon the USAO or the USAG.

10. In addition, this Court can determine that the Trustee did not serve the Motion upon the USAO or the USAG.

11. The fact that the IRS may have had actual notice of the Subpoena does not obviate the requirement of proper service. *Alfamodes Logistics Limited Liability Company v. Catalent Pharma Solutions, LLC,* Civ. No. 09–3543, 2011 WL 1542670 (E.D.Pa. Apr. 25, 2011) ("evidence that indicates that at least some of the nonparties are aware of the existence of the subpoenas and attempts to serve such subpoenas does not satisfy Fed. R. Civ. P. 45").

12. The Trustee's failure to comply with Fed. R. Bankr. P. 7004(b)(5) prevents this Court from holding the IRS in contempt. *Halawani v. Wolfenbarger,* Civ. No., 07–15483, 2008 WL 5188813 (E.D.Mich. Dec. 10, 2008) (declining to impose sanctions because of defects in service of subpoena *duces tecum*).

13. Finding that this Court's lacks the authority to hold the IRS in contempt for its failure to respond to the Subpoena, the Trustee's request for a finding of contempt is **DENIED.**

14. Whether this Court will grant other relief is expressly reserved for this Court's consideration of the Trustee's Motion to Compel Production of Documents.