*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* JOEL M. ENGEL, LMSW.

---

BUREAU OF PROFESSIONAL LICENSING,

      Petitioner-Appellee,

v

JOEL M. ENGEL, LMSW,

      Respondent-Appellant.

UNPUBLISHED
August 27, 2019

No. 345169
LARA Bureau of Professional
          Licensing
LC No. 17-011506

---

Before: M. J. KELLY, P.J., and MARKEY and GLEICHER, JJ.

GLEICHER, J. (*concurring in part and dissenting in part*).

I concur with the majority's holding that defendant Joel M. Engel, LMSW, did not violate MCL 333.16221(a), (b)(*i*) or (h). In my view, Engel did not violate MCL 333.16221(i), either, as the subpoena giving rise to the disciplinary order was not validly served. I respectfully dissent from the majority's contrary conclusion.

Petitioner obtained two subpoenas for confidential client records in Engel's possession. It mailed the first subpoena using ordinary mail, and sent the second by ordinary mail and fax. Engel received the first subpoena and discussed it with the Bureau of Professional Licensing's investigator. He steadfastly denied having ever received the second. Based on the testimony of the investigator, the hearing examiner determined that Engel had received the second subpoena. By failing to produce the records it sought, the examiner ruled, Engel violated MCL 333.16221(i). That subsection of the Public Health Code permits a disciplinary subcommittee to impose discipline if it finds that a licensee "[f]ail[ed] to comply with a subpoena issued pursuant to this part . . . ."

Engel readily admitted that the first subpoena found its way to him. Indeed, he telephoned the Department of Licensing and Regulatory Affairs technician who prepared the subpoena and advised that he had no records for the time period identified in it. A second

-- 1 --

subpoena was then prepared. The technician mailed that subpoena to Engel's office address on February 29, 2016, and faxed it to Engel's office on March 14, 2016. Unrefuted evidence introduced during the hearing substantiated that Engel's two partners left his practice on February 26, 2016, and took the only fax machine with them.

Engel testified that he did not receive the second subpoena either by mail or fax, and saw it for the first time only when he was interviewed by the bureau's investigator. The investigator claimed that during the interview, Engel admitted to having received the second subpoena. The hearing examiner found the investigator's testimony credible, despite that the bureau produced no other proof of Engel's receipt of the subpoena.

The majority declines to determine whether MCR 2.506 or any other court rule applies to the service of investigative subpoenas such as those at issue here. Engel's receipt of the second subpoena and his failure to comply with it suffices to establish a violation of § 16221(i), the majority holds.

Petitioner asserts that the court rules do not apply to proceedings under the Public Health Code, and that the code permits "service by regular mail . . . even for notices of hearing or administrative complaints. MCL 333.16192(2)." According to petitioner, this section permits service by regular mail. I read that provision of the code differently. It states in relevant part:

> The department may serve a notice of hearing or a complaint on an applicant, licensee, or registrant in an action or proceeding for a violation . . . *by regular mail and by certified mail,* return receipt requested, to the applicant's, licensee's, or registrant's last known address, by serving the notice on the applicant, licensee, or registrant, or by making a reasonable attempt to serve the notice on the applicant, licensee, or registrant. For purposes of this subsection, if service is by mail, service is effective 3 days after the date of mailing, and nondelivery does not affect the validity of the service if the nondelivery was caused by the refusal of the applicant, licensee, or registrant to accept service. [MCL 333.16192(2) (emphasis added).]

The pertinent phrase permits service "by regular mail *and* by certified mail, return receipt requested, to the applicant's, licensee's, or registrant's last known address[.]" This means that service of important notices may be accomplished by a *combination* of regular and certified mail. And it makes good sense to require both, as a signed and returned certification supplies proof of effective service. Here, however, petitioner employed only regular mail and a fax machine. If MCL 333.16192(2) applies to subpoenas, as petitioner claims, Engel was not properly served.

The majority is justifiably vexed by the absence of definitive guidance regarding the proper method of service for an investigative subpoena issued during an agency investigation. If MCL 333.16192(2) does not apply to the service of subpoenas, this is a gap that either the Legislature or the Supreme Court should fill. Absent such guidance, one approach is to apply MCR 2.506, and through it MCR 2.105(A), which requires personal service or service "by

registered or certified mail, return receipt requested, [with] delivery restricted to the addressee."[1] There are two reasons that it makes sense to apply this rule. First, the penalty for noncompliance with a subpoena is potentially harsh: suspension or revocation of a professional license. These serious sanctions counsel in favor of an objectively verifiable method of service. Second, the records involved are otherwise confidential, as is the identity of the patient. Using regular mail to transmit a subpoena identifying a mental-health patient by name is ill advised at best, and reckless at worst.

Regardless of which rule governing service applies, petitioner failed to follow it. I would hold that the improper service rendered the subpoena void as a matter of law, and relieved Engel of any duty to respond. In contrast, the majority holds that petitioner's failure to properly serve Engel does not matter, since the hearing examiner found that Engel had received the subpoena.

The parties vigorously dispute whether Engel actually received the second subpoena. The hearing examiner's conclusion that Engel received the subpoena rested solely on the testimony of an interested witness. Adherence to a procedure requiring service by verifiable means would avoid such disputes. That is why service for most important legal documents must be either personal or through a certified mailing. "The requirement that notice be delivered by certified mail is to provide corroboration for bald assertions that notice was given and a means to trace and establish the date of receipt should a dispute arise concerning delivery." *Thurman v State*, 89 Md App 125, 131; 597 A2d 997 (1991).

I respectfully disagree with the majority's conclusion that because the hearing examiner found that Engel had actually received the second subpoena, discipline may be imposed. It is one thing to impose a sanction for failure to respond to a subpoena when objective evidence supports that the intended recipient actually received it. Such evidence usually consists of an admission or the production of some requested material. It is quite another to exact a penalty based on an improperly served subpoena when the intended recipient disputes its receipt. See *Jones v Schlender*, 102 Idaho 776, 778; 640 P2d 1177 (1982) ("An improperly served subpoena provides a witness with a valid defense in a contempt proceeding."); *Edenfield v State*, 147 Ga App 502, 503; 249 SE2d 316 (1978) ("The lack of personal service invalidated the legal force and effect of the subpoena; therefore, the subpoena could not serve as the basis for a conviction as a defaulting witness."); *In re Rosen*, 542 BR 177, 180 (2015) ("The fact that the IRS may have had actual notice of the Subpoena does not obviate the requirement of proper service.").

I would hold that because the subpoena was not properly served and there is no objective evidence of its receipt, Engel cannot be punished for failure to comply with it.

/s/ Elizabeth L. Gleicher

---

[1] MCR 2.506(G)(1) provides that "[a] subpoena may be served anywhere in Michigan in the manner provided in MCR 2.105."