CLARK, trustee, *vs.* MORRISON.

Where a declaration was filed in office February 26th, 1879, and on March 3d thereafter an entry was made upon it of acknowledgement of service and waiver of copy, process, etc., the acknowledgment being signed by Edward Cox for J. J. Morrison and Hattie Morrison, and on March 17th said J. P. and Hattie Morrison wrote a letter to the clerk of the superior court, in which they stated that "Edward Cox is authorized to acknowledge service," it was error to hold that, as the letter did not authorize Cox to waive process, the waiver made by him was without authority, and that as there was no process the judgment was void. It may fairly be inferred, from the letter written to the clerk, that Cox had some oral authority at the time he made the entry to make acknowledgment and waiver, and that J. P. and Hattie Morrison knew that Cox had acknowledged service and waived process, etc. *Ross & Son vs. Jones,* 52 *Ga.* 23, cited and distinguished.

(a) The judgment in question was rendered March 26th, 1879, and the affidavit of illegality was not filed until December 30th, 1884.

April 25. 1888.

Service. Waiver. Principal and agent. *Laches.* Before Judge MARSHALL J. CLARKE. Dekalb superior court. August term, 1887.

Reported in the decision.

CANDLER, THOMSON & CANDLER, for plaintiff.

BROYLES & JOHNSTON, for defendant.

80　393
85　229

BLANDFORD, Justice.

Clark brought his action against the defendants in error and obtained a judgment against them, and thereupon Mrs. Morrison filed an affidavit of illegality, in which she stated that she had never been served with a copy of the declaration, and had not authorized any one to waive process for her. The declaration has no process attached to it. It was filed in office February 26th, 1876; and on March 3d, 1876, the following entry appears:

"Service of the within writ acknowledged and copy waived, process, copy and copy process, and all other and further service or notice by the sheriff waived. This March 3d, 1876.

(Signed) JOHN BRYCE, J. J. MORRISON, HATTIE H. MORRISON, by EDWARD COX."

On the 17th of March, the following letter appears to have been written to the clerk of the superior court.

"MARCH 17th, 1876.

"To the clerk of the superior court of Dekalb county:

"Edward Cox is authorized and empowered to acknowledge service for myself and wife in the case of Mrs. Howard *vs.* myself, wife and Judge Bryce.

(Signed)        J. J. MORRISON, HATTIE H. MORRISON."

The judge of the superior court held that, inasmuch as this letter directed to the clerk did not authorize Cox to waive process, the waiver made by him was without authority, and as there was no process, the judgment was therefore void; and the illegality thereupon was sustained. We are of the opinion that the judge committed error in so ruling. It will be seen that the acknowledgment of service, dated March 3d, 1876, was a full acknowledgment, the names of these parties being signed thereto by Edward Cox. It may be very fairly inferred from the letter subsequently written by these parties to the clerk, that Cox had some oral authority at the time he did this to make this acknowledgment and waiver for them; and we think this letter to the clerk is a ratification of what Cox did. We think it may be fairly inferred that Morrison and his

wife knew that Cox had acknowledged service and waived process, etc.

The case of *Ross & Son vs. Jones*, 52 *Ga.* 23, was relied· on in behalf of the defendants in error. In that case the defendant acknowledged service as follows: "I acknowledge due and legal service of this writ, and waive copy." There was no process attached to the declaration, and there was no waiver of process; and this court held that the defendant was not bound by the judgment rendered in that case. But we think this is a different case from that. Taking the circumstances here into consideration, we think, as before said, that it may be fairly inferred that Mrs. Morrison had knowledge of what Cox had done, and that this letter, written fourteen days after the acknowledgment and waiver, shows that he had authority, and was a ratification of it. This judgment was rendered on March 26th, 1879, and the affidavit of illegality was not filed until December 30th, 1884. It comes very late. We think a judgment means something, and it ought not to be an easy matter for a defendant to get clear of a judgment against him when everything is apparently fair upon the papers. So we reverse the judgment of the court below sustaining this illegality.

Judgment reversed.