CLARK, trustee, *v.* MORRISON.

A letter from the defendants to a suit in the superior court addressed to the clerk thereof, stating that a person named is authorized " to acknowledge service " of the declaration for them, without more, gives such person no authority to waive process; and no process having been attached to the declaration, an affidavit of illegality to the judgment rendered was properly sustained.

(*a*) It appears from the record that the acknowledgment of service and waiver of process by the agent or attorney in fact of the defendants were made after the date of the letter to the clerk, instead of before that date as appeared when the decision in 80 *Ga.* 393, was rendered.

April 21, 1890.

Service. Waiver. Process. Principal and agent. Judgments. Before Judge MARSHALL J. CLARKE. Dekalb superior court. August term, 1889.

Affidavit of illegality to the levy of an execution. To the judgment sustaining the same the plaintiff excepted. For the other facts see the decision.

CANDLER, THOMSON & CANDLER, for plaintiff.

E. N. BROYLES, for defendant.

BLANDFORD, Justice.

When this case was here before, it appeared (as will be seen from the report of the case in 80 *Ga.* 393) that Edward Cox, as agent for John Bryce, J. J. Morrison and Hattie H. Morrison, on March 3d, 1876, acknowledged service of the declaration, and waived copy, process, copy and copy process, and all other and further service or notice by the sheriff. It appeared further that on March 17th thereafter, J. J. Morrison and Hat-

tie H. Morrison addressed to the clerk of the superior court of Dekalb county a letter as follows:

· "Edward Cox is authorized and empowered to acknowledge service for myself and wife in the case of Mrs. Howard vs. myself, wife and Judge Bryce.

(Signed)     J. J. MORRISON, HATTIE H. MORRISON."

Under these facts, the court held that it might be fairly inferred from this letter, written to the clerk after the acknowledgment of service, that Cox had some oral authority, at the time of the acknowledgment, to make this acknowledgment and waiver for them; and that the letter subsequently written was a ratification by them of what Cox did. But it appears now that Cox did not acknowledge service and waive process, etc. on the 3d of March, as appeared, but that this acknowledgment and waiver were signed after the above letter of March 17th had been written. So the question is, whether Cox had authority under this letter to *waive process* as he appears to have done. Construing this letter as a power of attorney, he had no authority to do anything but "to acknowledge service" of the declaration; he had no authority to waive anything. If Morrison and his wife had simply acknowledged service upon the declaration, there would have been no waiver of process; and Cox had no authority to do more than "to acknowledge service." We think, therefore, that the case of *Ross & Sons* v. *Jones*, 52 *Ga.* 23, controls this case. In that case the defendant acknowledged service as follows: "I acknowledge due and legal service of this writ and waive copy." There was no process attached to the declaration, and there was no waiver of process; and this court held that the defendant was not bound by the judgment rendered in that case. In the present case there was no process attached to the declaration, and the waiver thereof was an act which under this letter of attorney Cox had no authority to

make. Hence we conclude that the court below decided properly in holding that the illegality should be sustained.                    *Judgment affirmed.*