24547. EDISON PROVISION COMPANY *v.* ARMOUR & COMPANY.

DECIDED MAY 3, 1935.

*W. V. Custer & Son,* for plaintiff in error.
*Bennet & Peacock,* contra.

GUERRY, J. Armour & Company brought suit on a note in the city court of Morganton against T. N. Hendricks and Edison Provision Company. The case was marked in default at the January term, 1934, and at the April term a verdict and judgment were taken in favor of the plaintiff. Execution was issued thereon, a levy made, and an affidavit of illegality interposed by the Edison Provision Company, on the grounds, among others, that the defendant had never had his day in court, there not being attached to the original suit any process requiring the defendant to answer the suit; that no appearance or pleading was made by defendant, and that the entry of default, made at the appearance term, was by a judge who was disqualified on account of relationship. At the hearing of the affidavit of illegality it was shown that the judge who made the entry of default married a cousin of the wife

of T. N. Hendricks, one of the defendants and manager and principal stockholder of the other defendant. This judge testified at the trial of the affidavit of illegality, held before another judge, that at the time he made the entry of default, Hendricks, one of the defendants and manager and principal stockholder of the other defendant, asked him to allow 30 days additional time in which to file an answer. The judge stated: "I gave him additional time to file his plea, but I did not make an entry on the docket." The defendant filed a plea on April 14, 1934. The default was never opened. No process was attached to the original suit. At the trial of the affidavit of illegality the defendant in fi. fa. objected to the introduction of the plea filed by him, on the ground that it was not sworn to and that it had never been allowed by an opening of the default. The plea itself was marked filed by the clerk of the court. The court directed a verdict against the affidavit of illegality.

It is insisted by counsel for the plaintiff in error that since the plea was filed after the time allowed by the court, "it was out of time, not duly filed, and therefore the same was not filed at all" (*Camp* v. *Wallace,* 61 *Ga.* 497, 500) ; that, there never having been an order opening default, no plea could have been legally filed, and for that reason there had been no appearance and pleading by the defendant which amounted to a waiver of process and service. The Code of 1910, § 5559 (Code of 1933, § 81-209), provides: "Appearance and pleading shall be a waiver of all irregularities of the process or of the absence of process and the service thereof." Does the appearance in court of a defendant in a suit to which no process is attached, and a request by him at the time, without making any motion or calling any attention to the absence of process, that he be given additional time to file a plea to the merits, and the subsequent filing of such a plea, although after the time allowed by the court, amount to a waiver of the want of process? Appearance, without pleading, or even acknowledgment of service, without a waiver of process, is not a waiver of process. *Ross* v. *Jones,* 52 *Ga.* 22; *Seisel* v. *Wells,* 99 *Ga.* 159 (25 S. E. 266) ; *Clark* v. *Morrison,* 85 *Ga.* 229, 230 (11 S. E. 614). In *Kennedy* v. *Redwine,* 59 *Ga.* 327, the question is asked: "Though mere appearance without pleading is no waiver of process, will waiver result from appearance, failing to move to dismiss, or otherwise to object, and passively suffering final judgment to be rendered for the plaintiff

with no withdrawal of appearance?" Judge Bleckley, in commenting on this feature of the case, said: "Perhaps after all, the judgment was good," although the case itself was decided on another principle. In the present case the defendant appeared, and without moving to dismiss or objecting because of the absence of process, asked for additional time to file a plea to the merits, and after the lapse of such additional time actually filed in the clerk's office a plea to the merits, which was not considered by the court, and then stood by and saw a verdict and judgment taken and made no complaint or objection with reference to an absence of process, until levy was made. We have found no direct authority to answer the question of Judge Bleckley, but hold that the conduct of the defendant in the present case amounted to such an appearance and pleading to the merits as waived the absence of process. "That the petition contained no prayer for process, and no process was attached thereto, were defects which might have worked a dismissal upon proper motion; but no motion to dismiss upon those grounds having been made, these defects were cured by the. defendant's appearing and pleading." *Dykes* v. *Jones,* 129 *Ga.* 99 (58 S. E. 645). A default judgment or any judgment rendered in a suit where no process is attached is voidable. An entry of default in such a case does not render the defendant in default, because a judgment rendered thereon, without a waiver, would be a nullity. The failure of a defendant to appear and plead in such a suit prevents it from becoming a living action. *Albright-Pryor Co.* v. *Pacific Selling Co.,* 126 *Ga.* 498 (55 S. E. 251, 15 Am. St. R. 108). No exception was taken to the refusal to allow the plea filed or to the judgment rendered. The case of *Camp* v. *Wallace,* 61 *Ga.* 500, cited by counsel for plaintiff in error, was a case which was valid and regular as to process, and in which no defense had been filed within the time allowed. It did not require appearance and pleading in the *Camp* case to make the judgment rendered a valid judgment.

    ■ The fact that the judge who made the entry of default married a first cousin of the wife of T. N. Hendricks does not make him related to the defendant so as to disqualify him.

> "The groom and bride each comes within
>    The circle of the other's kin,
>    But kin and kin are still no more
>    Related than they were before."

*Central R. &c. Banking Co.* v. *Roberts,* 91 *Ga.* 513 (18 S. E. 315). The trial judge did not err in finding against the illegality.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*