### 56272. EDENFIELD v. THE STATE.

BIRDSONG, Judge.

This is a contempt based upon a defaulting witness. The facts show that appellant was a Georgia State Trooper. He was subpoenaed to appear as a witness. In accordance with custom, all subpoenas for pending trials in the Superior Court of White County were sent to the sheriff for service. In accordance with this custom, the sheriff carried all the subpoenas and delivered them to a single officer or clerk in the patrol station. The subpoenas were then distributed by clerical assistants by placing each respective subpoena in the mail cubicle of the subpoenaed officer. Trooper Edenfield answered his subpoena on the day demanded. The case was continued over to another day and on that day, Edenfield was late for the trial proceedings. Edenfield subsequently appeared without counsel and following an evidentiary hearing was found in contempt and fined and ordered incarcerated. This appeal followed. *Held:*

Though five enumerations of error are asserted, only the first will be considered as it is dispositive of the case. It is undisputed that Trooper Edenfield was not personally served nor was service obtained by registered mail. Appellee argues that the manner of service was in accordance with established practice and is the only practicable method. Thus, appellee argues convenience as the criteria for service. However, Ga. L. 1966, p. 502 (Code Ann. § 38-801 (c)) governs the only legally permissible modes of serving subpoenas. That statute provides: "A subpoena may be served by any sheriff, by his deputy or by any other person not less than 18 years of age. Proof may be shown by return or certificate indorsed on a copy of the subpoena. Subpoenas may also be served by registered or certified mail, and the return receipt shall constitute

prima facie proof of service. Service upon a party may be made by serving his counsel of record." In construing that statute, the Supreme Court held in *Heard v. Hopper,* 233 Ga. 617, 618 (212 SE2d 797): "With respect to pleadings and other matters which must be served upon an adversary party, it has been uniformly held that it is immaterial that the party actually received the pleading or other matter where service was otherwise improper. [Cits.] No reason appears why the same rule should not apply with respect to service of subpoenas. In the instant case service of the subpoenas was not effected either by *personal service* or by *certified mail,* the only two modes authorized by Code Ann. § 38-801 (c)." (Emphasis supplied.) The lack of personal service invalidated the legal force and effect of the subpoena, therefore, the subpoena could not serve as the basis for a conviction as a defaulting witness.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED OCTOBER 12, 1978.

*Arthur K. Bolton, Attorney General, William M. House, Kirby G. Atkinson, Russell N. Sewell, Assistant Attorneys General,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.