**STATE of Delaware**

**v.**

**Richard G. SNAVELY, Defendant.**

Superior Court of Delaware,
New Castle County.

Submitted: July 23, 1986.
Decided: Aug. 8, 1986.

Kathleen M. Jennings, and Richard E. Fairbanks, Jr., Dept. of Justice, Wilmington, for State.

Francis J. Trzuskowski of Trzuskowski, Kipp, Kelleher & Pearce, Wilmington, for Linda Snavely and John Wills.

John Rogers Carroll of Carroll & Carroll, Philadelphia, Pa. and Charles P. Brandt of Brandt & Benson, Wilmington, for defendant.

GEBELEIN, Judge.

The defendant in this case, Richard Snavely, has been indicted for Rape First Degree involving his stepdaughter, Jeanette Kelly Snavely. The State has proceeded with a motion *in limine* to determine pre-trial the admissibility of statements made by the victim even though the victim

does not appear to be available to testify in this jurisdiction.[1]

A hearing on the State's motion was conducted beginning July 7, 1986 and concluding July 10, 1986. The hearing remains open for additional testimony on August 11, 1986. The State attempted to serve subpoenas upon Linda Snavely, wife of the defendant, and John Wills, the father-in-law of the defendant. These subpoenas were not personally served and the whereabouts of Linda Snavely and John Wills is unknown.

Both Mrs. Linda Snavely and her father, John Wills, are alleged by the State to be material witnesses to the issues being contested by the State's motion *in limine*. The evidence at the hearing did implicate both witnesses in the events surrounding the initial disappearance of the victim and her subsequent appearance in St. Maarten's, Kingdom of the Netherlands. At the time of that initial disappearance it was necessary for the Court to compel these witnesses to appear before the New Castle County Grand Jury investigating that disappearance. Their appearance was compelled upon a grant of immunity from prosecution. This is evidenced by judicial notice of this Court's records in this case.

At the hearing in July, the State placed on the record its various attempts to serve these witnesses with subpoenas. These steps included visits to the normal residence of each witness, a visit to the Snavelys' summer residence, and intermittent surveillance of those residences. The State requested issuance of a capias for each material witness. The Court granted that request only after requiring the State to make additional efforts to serve subpoenas.[2]

■ Mrs. Linda Snavely and Mr. John Wills employed an attorney to appear for them and to make application to the Court to quash the warrants issued to procure their appearance. Their attorney has appeared before the Court and has made oral motion to quash the warrants issued. The argument made by counsel was that the Court had no jurisdiction to issue a capias for an individual who had not first been served with a subpoena and thereby been subjected to the jurisdiction of the Court.[3] Counsel further argues that the Uniform Law to Secure Witnesses From Out of State, 11 *Del.C.*, Ch. 35, Subchapter II, is the only statutory basis upon which this Court may act to procure the arrest or custodial taking of a material witness.

Simply put, the argument made on behalf of the two prospective witnesses is that the Court may act only by subpoena or by the Uniform Act.

■ This is clearly an argument without merit. The Superior Court is a Court of general jurisdiction.[4] Art. IV, Section 7,

---

1. The State alleges that the victim has been induced to leave the jurisdiction to avoid testifying against her stepfather. It is further alleged that the stepfather, or persons acting on his behalf, has procured her absence.

2. The Court issued a capias or bench warrant directing that the individuals be arrested and returned forthwith to the Court as "material witnesses" in a pending criminal proceeding.

3. It should be noted that counsel's appearance by presenting this motion on behalf of these witnesses to argue that the Court lacks jurisdiction to issue a capias for an individual who has not first been served with a subpoena could be construed to constitute a general appearance by those witnesses. While an appearance to object to jurisdiction over the person in some jurisdictions will not constitute a general appearance, in Delaware the distinction between a general and special appearance has been abolished. *See, Brainard v. Canaday,* 49 Del. 182, 112 A.2d 862, 870 (1955), a civil case. Having in effect entered a general appearance, the witnesses have conferred upon the Court personal jurisdiction. It should be noted that these witnesses had also been compelled to appear previously before the Court. A general appearance has been decided to be the equivalent of personal service of process and confers upon the Court jurisdiction of the person. *See,* 6 C.J.S. *Appearances* § 39. Accordingly, a general appearance operates to waive, or dispense with, issuance of service of process. 6 C.J.S. *Appearances* § 40.

4. Even in the absence of statutory authority, it appears clear that the common law power of this Court would enable it to issue a bench warrant or capias to procure the attendance of a

Constitution of Delaware; *duPont v. du-Pont*, Del.Supr., 46 Del. 592, 87 A.2d 394 (1952). The Court is empowered to:

> ... frame and issue all remedial writs, including writs of habeas corpus and certiorari, or *other process*, necessary for bringing the actions in that Court to trial
> ...

10 *Del.C.* § 562 (Emphasis added).

Likewise, the Court is granted the specific authority in criminal cases to:

> ... issue subpoenas and *other warrants* into any county in the State, for summoning *or bringing* any person to give evidence in any matter triable before it ...

11 *Del.C.* § 5102 (Emphasis added).

The statutory grant of authority contained in Chapter 51 of Title 11 extends beyond the issuance of subpoenas to acquire personal jurisdiction. It specifically authorizes the issue of "warrants" to "bring" persons to testify.

This statutory grant of authority is clearly compatible with the provisions of the Uniform Act. That Act relates only to

individuals who are located "without" the State. It does not apply when the witness sought is located within the State. The provisions of § 5102 apply to those individuals located within Delaware.

In this case the record is clear that the witnesses sought are not willing witnesses. They are clearly material to the issues presented in this case. If they are to be produced in Court, it is necessary for the Court to issue process that will authorize any law enforcement officer to take them into custody and return them forthwith to the Court. That is the action which the Court has taken. The respective motions to quash the capias issued for Linda Snavely and John Wills are DENIED.[5]

IT IS SO ORDERED.

---

proven recalcitrant or uncooperative witness. *Cf. Barry v. United States ex rel. Cunningham*, 279 U.S. 597, 49 S.Ct. 452, 73 L.Ed. 867 (1929).

**5.** The Court directs counsel for the witnesses to Rule 3.3(a)(2) of the Delaware Lawyer's Rules of Professional Responsibility with respect to Candor Toward the Tribunal. It has been held

by a sister state that assisting a client in obstructing the judicial process may violate this provision. *See, Fellerman v. Bradley*, N.J.Supr., 99 N.J. 493, 493 A.2d 1239 (1985). At this time no order to counsel to provide the Court with his clients' addresses has been entered; but the Court would be likely to grant such an order upon motion of the State.