## A94A1418. In re HASTY.
(450 SE2d 848)

Pope, Chief Judge.

Attorney Jason R. Hasty was appointed to represent indigent defendant Perry Rhames. At the arraignment held on November 12, 1993, Rhames pled not guilty. The case was subsequently placed on the trial calendar for January 24, 1994. It is undisputed that Hasty received timely notice of the trial calendar and he in fact appeared at a preliminary calendar call on January 5, 1994.

On January 24, 1994, Hasty appeared at the regular calendar call and announced not ready. At the same time he filed numerous motions, including a motion for a continuance. On January 25, 1994, the trial court denied the motion for continuance and held a hearing with regard to the other motions. At the conclusion of the hearing, it is undisputed that the trial judge specifically asked Hasty whether there were any negotiations underway with the State that might lead to Rhames changing his plea to guilty. In response to this question Hasty said that no negotiations were underway and that the case would be tried. According to the trial judge, the district attorney agreed that no negotiations were underway but expressed concern that Hasty's client might change his plea before the trial began. In response to this, Hasty again denied that there would be a change in his client's plea. The judge informed Hasty that jurors would be summoned the following day, January 26, specifically for his defendant's trial and that no back-up cases would be called. Moreover, the judge informed Hasty that he should be present and ready for trial at 8:30 a.m.

According to Hasty, he continued to attempt to prepare for trial during the night of January 25, 1994. On the morning of the trial, however, it is undisputed that Hasty advised Rhames that he should consider changing his plea. At 8:30 a.m., before the case had been called and jury selection started, Hasty told the judge and the district attorney that his client wanted to change his plea to guilty, even though it is undisputed that there had been no negotiations with or recommendation from the district attorney. The trial judge accepted Rhames' guilty plea and subsequently asked Rhames at what point he had begun to consider changing his plea. Rhames told the court that he had discussed pleading guilty with Hasty early on in the case. The judge then asked Hasty when the decision to change his client's plea was made and what prompted it in light of the assurances Hasty had given to the court on the previous day. The record shows that Hasty's response to this question was vague at best. At the conclusion of the questioning, Hasty was held in criminal contempt and fined $500. Hasty's request for a full hearing on the matter also was denied.

On appeal, Hasty argues that the trial court erred in finding him

in contempt and in failing to allow him a separate hearing. Additionally, Hasty contends that the evidence was insufficient to support a finding of criminal contempt.

Although we do not address the issue of whether the evidence in this case was sufficient to warrant a finding of contempt, we do conclude that Hasty should have been given a separate hearing on the matter. It is true that "[d]irect summary criminal contempt which arises in the presence of the court *and* tends to scandalize it and hinder or obstruct the orderly processes of the administration of justice, the preservation of order and decorum in the court, etc. is exempt from the due process requirements of notice and hearing. *Moody v. State*, 131 Ga. App. 355 (206 SE2d 79) (1974)." (Emphasis supplied.) *Spruell v. State*, 148 Ga. App. 99, 102 (250 SE2d 807) (1978). In this case, however, Hasty's conduct does not rise to such a level as to necessitate or warrant summary action by the trial court. Hasty's conduct did not tend to scandalize the trial court or interfere with the preservation of order or decorum in that court. His conduct was not of the type that must be dealt with summarily. Consequently, we believe that the appropriate method of handling this matter is to provide Hasty with a separate hearing.

Additionally, we hold that the trial judge should disqualify himself from officiating over any further proceedings in this matter. "Judges should disqualify themselves in proceedings in which their impartiality might reasonably be questioned, including but not limited to instances where the judge is to the judge's knowledge likely to be a material witness in the proceeding." (Citation and punctuation omitted.) *In re Crane*, 253 Ga. 667, 668 (324 SE2d 443) (1985). Here, disqualification is appropriate because it is clear that the trial judge is likely to be called as a material witness at Hasty's contempt hearing.

In light of the above, we conclude that the trial court erred in denying Hasty a separate hearing on the issue of contempt. Therefore we remand the case back to the trial court for said hearing with the instruction that the hearing be conducted by a judge other than the one who originally presided over this matter.

*Judgment reversed and remanded with instruction. McMurray, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 28, 1994.

*Howard & Delaney, Stephen A. Delaney,* for appellant.
*Garry T. Moss, District Attorney, A. Dee Morris, Assistant District Attorney,* for appellee.