**UNITED STATES of America, Plaintiff,**

v.

**Joe Angel VENECIA, Defendant.**

**CR No. 96–449–FR.**

United States District Court, D. Oregon.

April 24, 1997.

Kristine Olson, United States Attorney, John C. Laing, Assistant United States Attorney, Portland, OR, for Plaintiff.

Steven T. Wax, Federal Defender, Colleen B. Scissors, Assistant Federal Defender, Portland, OR, for Defendant.

## OPINION AND ORDER

FRYE, District Judge:

The matter before the court is the motion to quash subpoena (# 22) filed by the prosecuting attorney in Klickitat County, State of Washington.

## BACKGROUND

The defendant, Joe Angel Venecia, is charged in this court with the crime of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and the crime of interstate domestic violence in violation of 18 U.S.C. § 2261(a)(2). These charges are the result of acts which were investigated, in part, in the State of Washington by the Klickitat County District Attorney.

On April 1, 1997, the United States Marshal in the District of Oregon faxed a subpoena on behalf of defendant Venecia to the Klickitat County District Attorney seeking, in relevant part, the "[c]omplete file and all log notes and work product on case of Jose Angel Venecia." Criminal Subpoena (attached to Motion to Quash Subpoena).

Counsel for defendant Venecia states in response to the motion to quash that the United States Marshal "relayed to this office that he called in advance to the Klickitat County prosecutor's office and was advised

that they would accept the subpoena by fax." Response to Motion to Quash Subpoena, p. 3.

The Klickitat County District Attorney moves this court to quash the subpoena on the grounds that 1) he has not been personally served or tendered witness fees; 2) the subpoena seeks privileged and confidential attorney work product not subject to discovery; and 3) the subpoena which was received on April 1, 1997 and required attendance in court on April 7, 1997 is untimely, unreasonable and oppressive.

Defendant Venecia contends that 1) the claim of lack of personal service is disingenuous, and the claim for witness fees is incorrect as a matter of law; 2) the nature of the materials for which the claim of privilege is sought is not specified, and neither is the privilege which is claimed; and 3) the subpoena came as no surprise and was not untimely served.

## APPLICABLE LAW

Rule 17(d) states:

A subpoena may be served by the marshal, by a deputy marshal or by any other person who is not a party and who is not less than 18 years of age. Service of a subpoena shall be made by delivering a copy thereof to the person named and by tendering to that person the fee for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered to the witness upon service of a subpoena issued in behalf of the United States or an officer or agency thereof.

## RULING OF THE COURT

Service by fax is not authorized by Rule 17(d) of the Federal Rules of Criminal Procedure.

The court will not grant the motion to quash on the basis of privilege on the grounds that the nature of the privilege is not identified and the documents have not been tendered to the court for review.

The motion to quash subpoena (# 22) filed by the prosecuting attorney in Klickitat County, State of Washington is GRANTED on the grounds that service was not made in compliance with Rule 17(d) of the Federal Rules of Criminal Procedure. However, the Klickitat County District Attorney is not entitled to fees and mileage because the court finds pursuant to Rule 17(b) that defendant Venecia is financially unable to pay these fees and mileage.

IT IS SO ORDERED.