## A11A2122. APOIAN v. THE STATE.

(723 SE2d 35)

ADAMS, Judge.

Patrick Apoian, an Atlanta police officer, appeals from an order of the Superior Court of Fulton County finding him in contempt.

The relevant facts are as follows: Apoian had been subpoenaed, apparently through a procedure established between the Fulton County District Attorney's Office and the Atlanta Police Department, to testify in the case of *State v. Alfonzo Phillips*. The day before trial, Apoian was contacted by someone from the DA's office and told that he would be needed in court the following morning, probably around 9:00 a.m. Further, because Apoian represented that he would be in his office by 8:00 a.m. and that it would only take him a few minutes to travel from his office to the courthouse, it was agreed that he would be contacted when his testimony was needed and he would immediately proceed to the courthouse. However, on the morning of trial, Apoian called in sick to work and was not in his office when attempts were made to reach him there. Apoian was informed by a supervisor that he needed to appear in court even if he was sick, and the prosecutor was notified that Apoian had called in sick and would be arriving late.

The proceedings against Alfonzo Phillips commenced at about 9:59 a.m., at which time the prosecutor informed the trial judge that Apoian, and another officer who was also under subpoena, had not yet arrived and that Apoian was estimated to arrive in approximately one hour. Further, the prosecutor stated that the officers' testimony was material to the State's case, and indicated that Apoian's testimony was necessary to proceed with both the hearing on a motion to suppress and the trial. The trial judge, however, noting that she had dealt with "officers . . . who believe that summonses are invitations . . ." indicated that she was unwilling to wait for Apoian to arrive and dismissed the case for want of prosecution.

The trial court also asked the prosecutor if the State would be taking action regarding Apoian's failure to appear in response to the subpoena and indicated she was ready to have a hearing when he arrived. The prosecutor stated he would leave that to the discretion of the court, but added "I would say yes."[1] Apoian arrived at about 12:15 p.m., and a contempt hearing was held that same afternoon. Prior to Apoian's testimony, the trial judge stated that her "concern quite candidly is that there are instances where members of the Atlanta Police Department in particular seem to confuse the issu-

---

[1] We note that on appeal the district attorney's office has communicated to this Court that it is aligned with Apoian's position in this case.

ance of a subpoena with an invitation to some kind of affair." Apoian then testified that he did not know if he had actually been subpoenaed,[2] but that he knew he was supposed to be in court that morning, and that his understanding was that the prosecutor would notify him when his testimony was needed. Apoian testified, however, that he had been up all night sick and called and asked his office to inform the court that he was sick and to request that the trial be postponed. However, after his office contacted the prosecutor, his office called him back to inform him he needed to be in court, and Apoian tried to call the number he was given to tell the prosecutor he was on his way and then proceeded to get ready and travel to the courthouse from his home, arriving, as stated above, at about 12:15 p.m. The trial judge, after noting that she appreciated the fact that Apoian was "feeling a bit under the weather," stated further that it seemed that Apoian could have taken additional steps to notify the prosecutor that he would not be able to come to court as directed by the subpoena and thus found Apoian in contempt. Further, although the trial court declined to impose any jail time, Apoian was fined the maximum of $500 and ordered to write a letter of apology to the alleged victim of the crime explaining that the trial could not go forward because he did not "acknowledge" the subpoena. This order was subsequently reduced to writing but was not filed until May 19, 2011 "nunc pro tunc" to February 2, 2011, the day the contempt hearing was held. In that order the trial court made the additional finding that the dismissal of the case against Phillips for want of prosecution was "partly due" to the State's failure to move for a continuance once it was notified that Apoian was unavailable to testify, or, alternatively, to seek a Writ of Attachment. Nevertheless, the court further stated that the dismissal was "in larger part" due to Apoian's failure to appear and testify in response to the subpoena, and, in keeping with her verbal ruling following the hearing, fined him $500 and ordered him to write the letter of apology to the victim. It is from this order that Apoian now appeals.

1. Apoian first contends that the trial court erred by holding him in contempt because he was not afforded due process. We agree. This Court has previously held that failure to respond to a subpoena is not the type of conduct subject to summary contempt proceedings. *Moody v. State*, 131 Ga. App. 355, 359 (2) (206 SE2d 79) (1974). Thus, as Apoian correctly urges, he was entitled to reasonable notice of the charges, the opportunity to call witnesses and present evidence, and

---

[2] The subpoena was introduced into evidence at the hearing, and it appears that a representative from the Atlanta Police Department signed on behalf of Apoian and a number of other officers.

the opportunity to retain counsel of his own choosing and adequately prepare his defense. E.g., *Ramirez v. State*, 279 Ga. 13 (608 SE2d 645) (2005); *Hayes v. State*, 298 Ga. App. 419, 423 (2) (680 SE2d 508) (2009); *In re Hasty*, 215 Ga. App. 349 (450 SE2d 848) (1994). Here, the trial judge announced that the contempt hearing would be conducted when Apoian arrived at the courthouse. Apoian was not given reasonable notice of the charge of contempt and did not have an opportunity to retain counsel or otherwise adequately prepare his defense. The contempt proceedings in this case clearly did not comply with due process, and the trial court's finding of contempt must be vacated and the case remanded for further proceedings. E.g., *Newton v. Golden Grove Pecan Farm*, 309 Ga. App. 764, 768-769 (1) (711 SE2d 351) (2011).

2. Apoian also contends the trial judge should have recused herself, sua sponte, from the contempt proceedings, citing to the statements the judge made which he contends could indicate that she held him in contempt because she was angry with the Atlanta Police Department because of prior instances when subpoenaed officers from the APD did not appear in court. Pretermitting whether these remarks warrant recusal,[3] upon remand Apoian shall be afforded the opportunity to raise the issue of whether the contempt hearing should be conducted by another judge.

3. Because we have vacated the finding of contempt, we find it unnecessary to address Apoian's remaining enumerations of error, concerning the timeliness within which the trial court filed the written contempt order and challenging the sufficiency of the evidence. E.g., *In re Hatfield*, 290 Ga. App. 134, 139 (3) (658 SE2d 871) (2008).

*Judgment vacated and case remanded. Barnes, P. J., concurs. Blackwell, J., concurs fully and specially.*

BLACKWELL, Judge, concurring fully and specially.

I concur fully in the opinion of the Court, but I write separately to express my doubts about the sufficiency of the evidence on which the court below based its finding of contempt.[4] We have held before that a

---

[3] [I]n indirect contempt actions, the trial judge who was presiding over the trial during which the alleged contumacious conduct occurred may preside over the contempt hearing if the "contumacious conduct was not directed toward the judge" and "the judge did not react to the contumacious conduct in such manner as to become involved in the controversy."
*Ramirez*, 279 Ga. at 15 (2).

[4] The Court does not decide whether the evidence adduced at the summary hearing is sufficient to sustain a contempt conviction, and I agree that it is not necessary for us to definitively decide that question. See *In re Troutt*, 460 F3d 887, 892-893 (II) (7th Cir. 2006) (remanding for another contempt hearing on procedural grounds and declining to address

witness can be convicted of criminal contempt for his failure to appear as directed by a subpoena only upon proof that the subpoena was, in fact, served upon the witness and that it was served by means authorized by OCGA § 24-10-23 or other law. In *Edenfield v. State*, 147 Ga. App. 502 (249 SE2d 316) (1978), a prosecuting attorney attempted to serve a state trooper with a subpoena by delivering it to the State Patrol post to which the trooper was assigned, where a clerk put it in a mailbox for the trooper. The trooper eventually received the subpoena, but he failed to appear as directed by the subpoena, and he was convicted of contempt for his failure to appear. We reversed that conviction because the trooper was not served personally or by certified mail, the means of service authorized by OCGA § 24-10-23. See 147 Ga. App. at 503 ("The lack of personal service invalidated the legal force and effect of the subpoena; therefore, the subpoena could not serve as the basis for a conviction as a defaulting witness."). We did so notwithstanding that the prosecuting attorney had served the subpoena upon the trooper "in accordance with established practice" and, according to the State, by "the only practicable method" for service upon officers of the State Patrol, a method that, again, actually caused the subpoena to ultimately be delivered into the hands of the trooper. See id. at 502.

Although the evidence in this case shows that Officer Apoian knew that he was expected in court and, in fact, had given assurances that he would appear upon request, there appears to be no evidence that the subpoena requiring his appearance actually was laid in his hands,[5] much less that it was laid in his hands by means authorized for the service of a subpoena. The evidence instead shows merely that the prosecuting attorneys delivered the subpoena to a representative of the Atlanta Police Department, who apparently then used some established protocol to notify Officer Apoian that his appearance in court was required. Whether that protocol involved delivery of the subpoena itself to Officer Apoian, and if so, whether it involved delivery by means authorized for the service of a subpoena, is unknown, inasmuch as no witness testified about the protocol generally or what was done specifically with the subpoena directed to Officer Apoian. This evidence is not, I think, sufficient to sustain a

---

sufficiency of evidence); see also *United States v. Dixon*, 509 U. S. 688, 697 (II) n.1 (113 SC 2849, 125 LE2d 556) (1993) ("We have not held . . . that the double jeopardy guarantee applies to [summary contempt] proceedings."). But because we are remanding for another hearing, I write to express my concerns about the evidentiary basis of the earlier finding of contempt in the hope that my comments might prove helpful to the court below and the parties on remand.

[5] Officer Apoian testified that he could not remember whether he had received any subpoena. No witness testified that a subpoena was, in fact, put in his hands or that he ever acknowledged receipt of a subpoena.

conviction for contempt.

These comments are no criticism of the prosecuting attorneys for relying upon the Atlanta Police Department to notify individual officers that their appearance in court is required. To the contrary, the protocol used to summon Atlanta police officers may be quite efficient and effective, and considering the costs that might otherwise be incurred by the office of the prosecuting attorneys in making personal service of subpoenas upon hundreds of law enforcement officers each week, the protocol may be the most fiscally responsible course, even if it does not always work perfectly. There is nothing wrong with a prosecuting attorney relying upon means other than those authorized by statute for service of subpoenas upon law enforcement officers, especially when officers routinely appear when required, the lack of proper service notwithstanding. But when a prosecuting attorney uses some means of service other than those authorized by law, the failure of an officer to appear for court generally will not subject the officer to a finding of contempt. In the absence of proper service, even when an officer has promised to appear, he is bound to do so not by law, but only by his conscience, the standards of professionalism, and perhaps the direction of the law enforcement agency that employs him.

What the Atlanta Police protocol involves, and whether it caused Officer Apoian to be served with a subpoena in a manner authorized by law for the service of subpoenas, are questions to be resolved on remand, if the court below elects to proceed further with the charge of contempt. Perhaps evidence adduced on remand will show that Officer Apoian was, in fact, served with a subpoena by means authorized by statute. But in the absence of such evidence, a conviction for contempt cannot, I think, be sustained.

DECIDED JANUARY 30, 2012.

*David A. Beall*, for appellant.
*Paul L. Howard, Jr., District Attorney*, for appellee.