REL: March 24, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2022-2023

---

## CR-2022-1067

---

## Bradley Grandquest

## v.

## State of Alabama

## Appeal from Mobile Circuit Court
## (CC-19-2584.40)

KELLUM, Judge.

The appellant, Bradley Grandquest, a former Mobile County sheriff's deputy, was convicted of constructive criminal contempt of court, see Rule 33.3, Ala. R. Crim. P., for his failure to appear and testify in the trial of Thomas Ray Carter. Grandquest was fined $100. He appealed to this Court.

The record shows that on February 10, 2022, Assistant District Attorney Jessica Catlin sent Grandquest an e-mail with an attachment entitled "Criminal Witness Request and Order to Appear." The attachment to the e-mail, a pdf file, was a subpoena to appear and testify on February 15, 2022, at Carter's trial. The attachment also indicated that the subpoena was being served personally. Grandquest replied by sending an e-mail that read "Email received."

On February 15, 2022, Grandquest failed to appear and law-enforcement officers were sent to his home after a writ of attachment was issued. (C. 23.) Grandquest was brought to the courthouse, and a hearing was held before the circuit judge presiding over Carter's case. Grandquest informed the court that he had received an e-mail telling him to appear to testify, that he had indicated to personnel at the prosecutor's office that he would be coming to testify, and that on the morning of February 15 he was sick and failed to notify anyone that he was ill and would not be attending. (R. 4.) When Grandquest was a sheriff deputy he had interviewed the victim in the Carter case.

In April 2022, a contempt hearing was held, at which Grandquest was represented by counsel. At the hearing, Grandquest's attorney

moved to dismiss the contempt charge because, he argued, the subpoena that formed the basis of the charge had never been properly served on Grandquest. The State argued that the e-mail with the attached subpoena constituted proper service under Alabama law. (R. 28-29.) The State further argued that Grandquest acknowledged receiving the subpoena when he responded with an e-mail that read "Email received," and thus, that proper service was waived according to § 12-21-180(e), Ala. Code 1975. (R. 30.) Grandquest's attorney responded: "He says simply, 'e-mail received.' He doesn't say, 'I accept service.' He doesn't say, 'I acknowledge the subpoena.' He doesn't say anything except, 'e-mail received.' That is not proper service under this." (R. 32.) The prosecutor then stated:

> "We regularly serve our subpoenas in that manner. Your Honor, if your Honor would just think back perhaps to a criminal docket that the Court had this week, there is -- the Sheriff's Department is physically not capable of serving personally every subpoena for cases that are set for trial in just one courtroom currently much less all eight. We routinely serve law enforcement, former law enforcement members via e-mail. They acknowledge they receive the e-mail and they come to court."

(R. 33.) The circuit court indicated that it was satisfied that § 12-21-180(e), Ala. Code 1975, had been complied with when serving the subpoena.

3

After the hearing, the circuit court issued an order finding Grandquest guilty of constructive criminal contempt for his failure to appear in court to testify and directed Grandquest pay a fine of $100. This appeal followed. See Rule 33.6, Ala. R. Crim. P.

On appeal, Grandquest argues that the circuit court erred in finding him guilty of constructive criminal contempt because, he says, he was never lawfully served with a subpoena. Specifically, Grandquest argues that the State failed to comply with the service requirements of Rule 17.4, Ala. R. Crim. P., because, he says, an e-mail is not recognized as a proper method for serving a subpoena. It is undisputed that certified mail was not used in Grandquest's case and that a subpoena was sent to Grandquest as an attachment to the e-mail sent by the assistant district attorney working on the Carter case.

Grandquest was found guilty of contempt as set out in Rule 33.3, Ala. R. Crim. P. This Rule states, in part, that criminal contempt is the

> "(2) [w]illful disobedience or resistance of any person to a <u>court's lawful writ, subpoena</u>, process, order, rule, decree, or command where the dominant purpose of the contempt is to punish the contemnor."

(Emphasis added.) According to Rule 33.1, Ala. R. Crim. P., there must be a lawfully issued subpoena before a person may be found guilty of

contempt for failure to comply with that subpoena. "[I]t was early recognized in the United States that the power of a court to enforce the attendance of witnesses by body attachment is available against all persons. It is necessary however that before the power is exercised, a strict compliance with the rules for the service of subpoenas must be proved in the manner provided by law." See United States v. Davenport, 312 F. 2d 303, 307 (7th Cir. 1963). See also State v. Black, 232 N.C. 154, 157, 59 S.E.2d 621, 623 (1950) ("But a process or order not 'lawfully issued' may not be the basis on which to f[ind] a proceeding for contempt."). "An improperly served subpoena provides a witness with a valid defense in a contempt proceeding." Jones v. Schlender, 102 Idaho 776, 778, 640 P.2d 1177, 1179 (1982).

The Alabama Supreme Court has adopted specific rules that govern the issuance, service, and delivery of a subpoena in a criminal case.[1] See Rule 17.4, Ala. R. Crim. P.[2] Rule 17.4(a), states: "Subpoenas may be

---

[1]Pursuant to the § 150, Alabama Constitution of 2022, now a § of Const. under Recomp., the Alabama Supreme Court has authority to "make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts."

[2]Rule 17, Fed. R. Crim. P., is the comparable federal rule that governs subpoenas in criminal cases.

served by mail as provided in section (c). If personal service of a subpoena is requested, service <u>shall</u> be as provided in section (d)." (Emphasis added.) "Our supreme court has consistently held that the word 'shall' is mandatory when used in a rule promulgated by that court." <u>Martin v. Martin</u>, 637 So. 2d 901, 902 (Ala. Civ. App. 1994). Rule 17.4(d) specifically states:

> "(d) <u>Delivery by Personal Service</u>.
>
> "(1) <u>By Whom</u>. When a subpoena issued from any court subject to the provisions of these rules is to be delivered personally, a subpoena may be served by the sheriff of the county in which the party to be served resides or may be found, by the sheriff's deputy, or by any other person who is not a party to the action to which the subpoena relates and who is 21 years of age or older.
>
> "(2) <u>How Served and Returned</u>. Service of the subpoena may be executed upon the witness either personally or by leaving a copy at the witness's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. When the copy of the subpoena has been delivered, the person serving the subpoena shall endorse that fact on the subpoena and return it to the clerk, who shall make the appropriate entry on the case action summary sheet. The return of the subpoena in the manner described herein shall be prima facie evidence of service of the subpoena."[3]

---

[3]Section 12-21-180(c)(2), Ala. Code 1975, also provides that when the case involves a misdemeanor, under certain conditions the subpoena may be sent by first-class mail.

6

First, as stated above, the State argued at the contempt hearing that, according to § 12-21-180(e), Grandquest acknowledged service, thereby waiving personal service or consenting to e-mail service, when he sent an e-mail that read "Email received." Section 12-21-180(e), Ala. Code 1975, provides: "A witness may acknowledge service of a subpoena by endorsing acceptance thereof on the subpoena, in writing, in which event service by the sheriff shall not be required."

The Alabama Supreme Court has stated that "[w]hen the language of a statute is plain and unambiguous, as in this case, courts must enforce the statute as written by giving the words of the statute their ordinary plain meaning -- they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature." See Ex parte T.B., 698 So. 2d 127, 130 (Ala. 1997). We question whether § 12-21-180(e) has any application to the subpoena involved in this case because the subpoena was issued electronically. The statute reads that the actual subpoena be endorsed, in writing, to waive proper service by a sheriff.

The State has cited no case, and this Court can locate no case, that holds that a defendant's acknowledgment of a subpoena constitutes a

7

waiver of any challenge to proper service of that subpoena.[4]  The question before us is whether Grandquest's e-mail response was sufficient to establish a waiver that would foreclose him from challenging the proper service of the subpoena.  In the context of a civil case, our neighboring State of Mississippi has stated:

> "Although [Baptist Memorial Hospital – North Mississippi] acknowledged receipt of service, we have found no authority to show where acknowledgment of receipt of process would constitute a waiver of deficient service, nor has Lucas provided us with any such authority.  In addition, other jurisdictions have not found this to be sufficient to constitute a waiver.  'Acknowledgment of service, without an express waiver of process, does not constitute a waiver of valid service of process.'  Bailey v. Hall, 199 Ga. App. 602, 405 S.E.2d 579, 582 (1991) (citing Edison Provision Co. v. Armour & Co., 51 Ga. App. 213, 179 S.E. 829, 830 (1935))."

Lucas v. Baptist Memorial Hospital – North Mississippi, Inc., 997 So. 2d 226, 231 (Miss. App. 2008).  Also, "if a witness appears in response to defective process and fails to interpose any objections to the form or service of the process, the witness waives any right to be heard at a later date on those matters."  State v. Tsavaris, 382 So. 2d 56, 67 (Fla. 2d

---

[4]One federal court case has referred to an improper-service-of-subpoena claim as a "jurisdictional claim" in addressing civil subpoenas.  Call of the Wild Movie, LLC v. Does 1-1, 062, 770 F. Supp. 2d 332, 362 (D.D.C. 2011).

D.C.A. 1980). "A general appearance operates to waive, or dispense with, issuance of service of process." <u>State v. Snavely</u>, 514 A.2d 1148, 1149, n.3 (Del. 1986). We cannot say that Grandquest's response, "Email received" was an affirmative or clear waiver of personal service or consent to service by e-mail.

Moreover, our research has revealed no Alabama case in which a court has held that e-mail was a proper means of serving a subpoena for a witness to testify in a criminal case. Indeed, our research revealed no Alabama case that held that service or delivery of a subpoena was proper by any means except those provided in Rule 17.4. Other courts have held that e-mail is not a proper method of serving a subpoena in a criminal case. See <u>United States v. Simmons</u>, 515 F. Supp. 3d 1359, 1362 (M.D. Ga. 2021) ("The Federal Rules of Criminal Procedure require that subpoenas be served personally, and Rule 17 provides no exceptions."[5]); <u>Smith v. State</u>, 308 Ga. 81, 90, 839 S.E.2d 630, 639 (2020) ("Indeed, e-mail is not a proper means of serving a subpoena under OCGA § 24-13-

---

[5]Rule 17, Fed. R. Crim. P. Rule 17(d), states, in pertinent part: "A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance."

9

24. …"[6]).  Compare <u>United States v. Venecia</u>, 172 F.R.D. 438, 439 (U.S. D.C. Oregon 1997) ("Service by fax is not authorized by Rule 17(d) of the Federal Rules of Criminal Procedure.").

> "The Federal Rules of Criminal Procedure require that subpoenas be served personally, and Rule 17 provides no exceptions. Although the Eleventh Circuit has not addressed whether service can be made in other formats, other courts in this district have concluded that service must be made in-person. See, e.g., <u>United States v. Scott</u>, No. CR417-050, 2018 … (S.D. Ga. May 9, 2018) ('[I]t is clear that service by email is ineffective.'); <u>United States v. Johnson</u>, No. 06-0049, … (S.D. Ala. June 28, 2006) ('Rule 17 requires personal service of a criminal subpoena.... There is no provision for service by certified mail in the criminal rules.')."

<u>Simmons</u>, 515 F. Supp. 3d at 1362.

We note that federal courts have approved the use of alternative service of subpoenas when those subpoenas are related to a civil case and are served pursuant to Rule 45, Fed. R. Civ. P.

> 'The majority of lower courts also have held that Rule 45 requires personal service. <u>Heilman v. Lyons</u>, No. 09–cv–2721, … (E.D.Cal. Jan. 11, 2011) (Newman, Mag. J.); <u>Mahar v. U.S. Xpress, Inc.</u>, No. 06–cv–1297, … (N.D.N.Y. Oct. 28, 2010);

---

[6]Section 24-13-24, Ga. Code Ann., states:  "A subpoena may be served by any sheriff, by his or her deputy, or by any other person not less than 18 years of age.  Proof may be shown by return or certificate endorsed on a copy of the subpoena.  Subpoenas may also be served by registered or certified mail or statutory overnight delivery, and the return receipt shall constitute prima-facie proof of service.  Service upon party may be made by serving his or her counsel of record."

Nunn v. State Farm Mut. Auto. Ins. Co., No. 3:08–cv–1486, … (N.D. Tex. Oct. 21, 2010); Taylor v. Countrywide Home Loans, No. 08–13258, … (E.D.Mich. June 30, 2009) (Hluchaniuk, Mag. J.); McClendon v. TelOhio Credit Union, Inc., No. 2:05–CV–1160, … (S.D.Ohio Aug. 14, 2006) (Kemp, Mag. J.); Hall v. Sullivan, 229 F.R.D. 501, 502 (D.Md. 2005) (Grimm, Mag. J.) (recognizing that a majority of courts requires personal service of subpoenas under Rule 45). 'The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required.' 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2454, at 397 (3d ed. 2008); see also 5A Jeremy C. Moore et al., Moore's Federal Practice ¶ 45.06, at 45–49 (1994).

'There is no consensus on that point, however. A number of courts 'have permitted service by certified mail and other means if the method of service is made in a manner designed to reasonably insure actual receipt of the subpoena by the witness.' Franklin v. State Farm Fire & Cas. Co., … (E.D.Mich.2009) (Majzoub, Mag. J.) (citing Halawani v. Wolfen Barger, No. 07–15483, … (E.D. Mich. Dec. 10, 2008) (service of a subpoena by certified mail may assure proper delivery) and Cartier v. Geneve Collections, Inc., No. CV 2007–0201, … (E.D.N.Y. Feb. 27, 2008) (alternative service is authorized under Rule 45 if it is designed to reasonably insure the actual receipt of the subpoena by the witness); see also Powell v. Time Warner Cable, Inc., No. 09–00600, … (S.D.Ohio Dec. 30, 2010) (Preston Deavers, Mag. J.); King v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D.N.Y.1997); Hinds v. Bodie, No. 84 CV 4450, … (E.D.N.Y. Mar. 22, 1988); First Nationwide Bank v. Shur (In re Shur), 184 B.R. 640, 642 (Bankr.E.D.N.Y.1995). 'Courts that have sanctioned alternative means of service under Rule 45 often have done so only after the party requesting the accommodation diligently attempted to effectuate personal service.' Franklin, [supra]."

11

<u>Oceanfirst Bank v. Hartford Fire Ins. Co.</u>, 794 F. Supp. 2d 752, 753-54 (E.D. Mich. 2011).

The circumstances presented in this case are similar to those presented to the Georgia Court of Appeals in <u>Edenfield v. State</u>, 147 Ga. App. 502, 249 S.E.2d 316 (1978). The Georgia Court stated:

> "This is a contempt based upon a defaulting witness. The facts show that appellant was a Georgia State Trooper. He was subpoenaed to appear as a witness. In accordance with custom, all subpoenas for pending trials in the Superior Court of White County were sent to the sheriff for service. In accordance with this custom, the sheriff carried all the subpoenas and delivered them to a single officer or clerk in the patrol station. The subpoenas were then distributed by clerical assistants by placing each respective subpoena in the mail cubicle of the subpoenaed officer. Trooper Edenfield answered his subpoena on the day demanded. The case was continued over to another day and on that day, Edenfield was late for the trial proceedings. Edenfield subsequently appeared without counsel and following an evidentiary hearing was found in contempt and fined and ordered incarcerated. This appeal followed. Held:

> "Though five enumerations of error are asserted, only the first will be considered as it is dispositive of the case. It is undisputed that Trooper Edenfield was not personally served nor was service obtained by registered mail. Appellee argues that the manner of service was in accordance with established practice and is the only practicable method. Thus, appellee argues convenience as the criteria for service. However, Ga.L. 1966, p. 502 (Code Ann. § 38-801(c)) governs the only legally permissible modes of serving subpoenas. That statute provides: 'A subpoena may be served by any sheriff, by his deputy or by any other person not less than 18 years of age.

Proof may be shown by return or certificate indorsed on a copy of the subpoena. Subpoenas may also be served by registered or certified mail, and the return receipt shall constitute prima facie proof of service. Service upon a party may be made by serving his counsel of record.' In construing that statute, the Supreme Court held in Heard v. Hopper, 233 Ga. 617, 618, 212 S.E.2d 797, 798 [(1975)]: 'With respect to pleadings and other matters which must be served upon an adversary party, it has been uniformly held that it is immaterial that the party actually received the pleading or other matter where service was otherwise improper. (Cits.) No reason appears why the same rule should not apply with respect to service of subpoenas. In the instant case service of the subpoenas was not effected either by Personal service or by Certified mail, the only two modes authorized by Code Ann. § 38-801(c).' (Emphasis supplied.) The lack of personal service invalidated the legal force and effect of the subpoena; therefore, the subpoena could not serve as the basis for a conviction as a defaulting witness."

147 Ga. App. at 503, 249 S.E.2d at 317.

Given that the question of serving a subpoena via e-mail is not provided for in either the procedural rules of court adopted by the Alabama Supreme Court or statutes governing subpoenas, this Court cannot say that the subpoena that formed the basis of the contempt charge was a "lawfully" served subpoena. Nor can we say that Grandquest's e-mail response was sufficient to constitute a clear waiver of proper service of that subpoena. Accordingly, there was no lawfully

issued subpoena that could form the basis for the contempt charges under Rule 33.3, Ala. R. Crim. P.

For the foregoing reasons, the judgment is hereby reversed and the case remanded to the Mobile Circuit Court for that court to set aside its finding that Grandquest was in constructive criminal contempt of court and the sentence imposed for that violation.

REVERSED AND REMANDED.

McCool, Cole, and Minor, JJ., concur. Windom, P.J., recuses herself.